# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

T.B. PENICK & SONS, INC., a California corporation,

        Plaintiff,

vs.

RAINBOW & WARM SPRINGS LLC, LV INVESTMENTS, INC., and DOES I through XL, and ROES corporations I through XL inclusive,

        Defendants.

Case No.: 2:08-cv-01034-RLH-RJJ

**O R D E R**

(Motion to Dismiss–#17)

        Before the Court is Defendant LV Investments, Inc.'s **Motion to Dismiss** (#17), filed September 9, 2008. LV Investments seeks dismissal from this case for Plaintiff's failure to state a claim upon which relief can be granted. Plaintiff did not file an opposition to the Motion.

        Local Rule 7-2(d) provides that failure to file points and authorities in opposition to a motion constitutes a consent that the motion be granted. L.R. 7-2(d). It has been said these local rules, no less than the federal rules or acts of Congress, have the force of law. *United States v. Hvass*, 355 U.S. 570, 574–75 (1958); *Weil v. Neary*, 278 U.S. 160, 169 (1929); *Marshall v. Gates*, 44 F.3d 722, 724 (9th Cir. 1995).

        In addition, the Court considers both the Complaint and the Amended Complaint and finds no cause of action stated against LV Investments. Aside from its caption and prayer for

relief, the Amended Complaint makes four express references to LV Investments, in which it alleges LV Investments is a business entity owned and/or managed by one Moises Saba Ades; owns Defendant Rainbow & Warm Springs LLC ("Rainbow"); and has "a direct ownership interest" in the property that is the subject of this dispute. (Compl. ¶¶ 5–7, 9.) Plaintiff also lumps in LV Investments with the other defendants in the causes of action alleged in the Amended Complaint, where Plaintiff alleges all Defendants (1) breached a contract by failing perform according to the contract terms, failing to pay Plaintiff, wrongly terminating him, and soliciting bids from other contractors in contravention of the contract, (*id.* ¶¶ 31–33, 60); (2) failed to fully pay Plaintiff for labor, materials, tools, supplies, and equipment furnished by Plaintiff for the improvement of the property at the instance and request of Defendants, as included in Plaintiff's mechanics lien on the subject property, (*id.* ¶ 36–38, 41); (3) were unjustly enriched by the labor, materials, tools, supplies, and equipment provided by Plaintiff, for which Plaintiff has not been paid, (*id.* ¶¶ 45, 47); and (4) violated the implied covenant of good faith and fair dealing through the above actions, (*id.* ¶¶ 51–52). (The original Complaint makes fewer allegations against LV Investments specifically, and against Defendants generally, than does the Amended Complaint.) In short, Plaintiff seeks to sue LV Investments because, Plaintiff claims, LV Investments owns Rainbow and directly owns, at least in part, the subject property. Without more, these allegations of mere ownership, taken as true, fail "to raise a right to relief above the speculative level" as to LV Investments. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that LV Investments' Motion to Dismiss (#17) is GRANTED.

Dated: November 19, 2008.

_____
ROGER L. HUNT
Chief United States District Judge